Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ADEAN HILL, JR., individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>MAJOR LEAGUE INSURANCE LLC,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: [Case No.]<br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

1. Plaintiff ADEAN HILL, JR., ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against MAJOR LEAGUE INSURANCE LLC, ("Major League," or "Defendant") to stop its illegal practice of sending telemarketing text messages to the telephones of consumers who have registered their telephone numbers on the Do Not Call Registry, and to obtain redress for all persons injured by its conduct.

## NATURE OF THE ACTION

2. Defendant Major League sells health insurance. As a part of its marketing efforts, Defendant sent thousands of text messages to residential phones nationwide without checking the Do Not Call Registry.

3. Defendant did not obtain consent prior to sending these texts, and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. The TCPA is a remedial statute that was passed to protect consumers from unwanted telemarketing in response to complaints. See S. Rep. 102-178, at 1, 5 (1991).

5. Congress enacted the TCPA in 1991 to restrict telemarketing equipment that could target millions of consumers en masse. Congress found that these communications were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. See S. Rep. No. 102-178, at 2-3 (1991).

6. The TCPA targets unauthorized text messages exactly like the ones alleged in this case, based on Defendant's repeated telemarketing to people who have officially opted out.

7. By sending the text messages at issue, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

8. Therefore, Plaintiff seeks an injunction requiring Defendant to stop sending illegal text messages, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff ADEAN HILL is a natural person and is a resident of Collin County, Texas.

10. Defendant MAJOR LEAGUE INSURANCE LLC is limited liability company organized and existing under the laws of the State of Florida.

11. Major League's registered agent is Gabriel Nieto Suarez, 1954 N. 30th Road, UNIT D, Hollywood, FL 33021.

## JURISDICTION AND VENUE

12. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

13. This Court has specific personal jurisdiction over Defendant because Defendant sent text messages to consumers in Texas, including to Plaintiff, who resides in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct giving rise to this case, text messages sent to residents of Texas, substantially occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

15. Defendant sells health insurance.

16. To increase sales, Defendant sent repeated text messages to people who had registered their phone numbers on the Do Not Call Registry.

17. Defendant did not obtain consent from Plaintiff and the Class.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

18. Plaintiff's phone number ending in 6388 has been registered on the Federal Do Not Call Registry since December 21, 2024.

19. Plaintiff received numerous unsolicited text messages from Defendant.

20. On August 13, 2025, Plaintiff received at least three unsolicited texts. On August 15, 2025, Plaintiff received a fourth unsolicited text. The texts were all sent from 469-960-5382.

21. The texts marketed Defendant's insurance.

22. Plaintiff engaged with one of the texts and received a quote for health insurance from Defendant.

23. Plaintiff did not give his consent to receive any of these text messages.

24. None of the alleged texts were sent for emergency purposes.

25. Defendant is not registered pursuant to § 302.101 of the Texas Bus. & Com. Code to make telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain any registration by Defendant.

26. Defendant does not qualify for an exemption under § 302.053.

27. Plaintiff was harmed by the texts because they were frustrating, obnoxious, and annoying. The texts also depleted Plaintiff's cell phone battery and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## CLASS ALLEGATIONS

28. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a class and subclass defined as follows:

> **TCPA Class**. All persons in the United States who: (1) within 4 years prior to the filing of the Complaint (2) received two or more text messages; (3) for the purpose of soliciting Defendant's insurance.

> **Texas TCPA Subclass**. All persons residing in Texas who (1) within 4 years prior to the filing of the Complaint (2) received two or more text messages; (3) for the purpose of soliciting Defendant's insurance.

> **Texas Registration Class**. All persons residing in Texas who (1) within 4 years prior to the filing of the Complaint (2) received one or more text messages; (3) for the purpose of soliciting Defendant's insurance.

29. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

30. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

31. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and sending of unsolicited text messages.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

33. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i. Whether Defendant sent text messages to Plaintiff and the Class;

ii. Whether the texts were solicitations;

iii. Whether the telephone numbers of Plaintiff and the TCPA class were listed on the Do Not Call Registry;

iv. Whether Defendant obtained consent;

v. Whether Defendant's conduct was *willful* and/or *knowing*;

vi. Whether the Court should award treble damages based on the knowingness or willfulness of Defendant's conduct.

35. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
Violation of 47 U.S.C. § 227(c)
Telephone Consumer Protection Act
(On behalf of Plaintiff and the TCPA Class)

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. The telephone numbers of Plaintiff and the Class are registered on the Do Not Call Registry.

38. Defendant sent unsolicited text messages to the telephone numbers of Plaintiff and the Class without having their consent to do so.

39. Defendant's actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting residential telephone numbers listed on the Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

40. Defendant's text messages were sent for the purpose of selling insurance to consumers.

41. Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

42. Plaintiff also seeks a permanent injunction prohibiting Defendant from making telemarketing solicitations to residential telephone numbers listed on the Do Not Call Registry.

**SECOND CAUSE OF ACTION**
Violation of Texas Bus. & Com. Code § 305.053
Texas State TCPA Law
(On behalf of Plaintiff and the Texas TCPA Subclass)

43. Texas Bus. & Com. Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision ... against the person who originates the communication[.]" Tex. Bus. & Com. Code § 305.053(a).

44. Therefore, the elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).

45. Plaintiff is entitled to an award of at least $500 in damages for each such violation under § 305.053(b)(1).

46. Plaintiff also requests the Court award treble damages based on Defendant's knowing and/or intentional violations under § 305.053(c)(1).

47. Plaintiff also seeks a permanent injunction requiring Defendant to cease sending illegal text messages.

**THIRD CAUSE OF ACTION**
Violation of Texas Bus. & Com. Code § 302.101
Failure to Obtain Texas Registration Certificate
(On behalf of Plaintiff and the Texas Registration Class)

48. Texas Bus. & Com. Code § 302.101 requires telemarketers to obtain a registration certificate ... for the business location from which the solicitation is made.

49. Texas Bus. & Com. Code § 302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

50. Plaintiff may exercise a private right of action under Tex. Bus. & Com. Code § 17.50.

51. Plaintiff and the class seek an award of $5,000 per violation.

52. Plaintiff seeks a permanent injunction requiring Defendant to cease sending unauthorized text messages to residents of Texas without a registration certificate.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violates §227(c) of the TCPA;

C. An order declaring that Defendant's violations are *willful* and/or *knowing*;

D. An order declaring that Defendant's actions, as set out above, violate Texas Bus. & Com. Code § 305.053;

E. An order declaring that Defendant's actions, as set out above, violate Texas Bus. & Com. Code § 302.101;

F. An order awarding $5,000 per violation under Texas Bus. & Com. Code § 302.101.

G. An injunction requiring Defendant to cease sending unlawful texts;

H. An award of damages, costs, attorneys' fees, and such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: February 9, 2026

Respectfully submitted,

**JAVITCH LAW OFFICE**

By: /s/ Mark L. Javitch
Mark L. Javitch, Esq. (CA 323729)
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
Email: mark@javitchlawoffice.com

Attorneys for Plaintiff
*and the Putative Class*